[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11163
Non-Argument Calendar

_____

D. C. Docket No. 05-00394-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELICIANO FUNEZ,
a.k.a. Feliciano Funez-Aguiriano,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 2, 2007)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Felicia Funez appeals the district court's denial of a minor-role

reduction in his sentence. Funez asserts that he should receive a minor-role reduction because he was "a mere crew member, he had no say as to either the planning, supplying, nor the destination of the drugs." Funez also argues that he "had no decision making power within the context of the overall conspiracy."

We review a district court's determination of a defendant's role in the offense for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). Further explaining this standard, we have stated,

> . . . a trial court's choice between two permissible views of the evidence is the very essence of the clear error standard of review. . . . So long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous.

*Id.* at 945 (citation and quotation omitted) (emphasis in original). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *Id.* at 939. According to U.S.C.G. § 3B1.2, a district court may decrease a defendant's offense level by two levels if it finds the defendant was a "minor participant" in the criminal activity. A "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5).

In determining whether a minor-role adjustment applies, the district court

2

should consider the following two principles: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. As to the first prong of the *De Varon* analysis, we have explained that, "[only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable - not a minor role in any larger criminal conspiracy - should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944. Further, "in the drug courier context, that the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct . . . [and] may be dispositive - in and of itself - in the extreme case." *Id.* at 943.

With regard to the second prong of the *De Varon* analysis, we have determined that a district court should look to other participants only to the extent that they (1) "are identifiable or discernable from the evidence," and (2) "were involved in the relevant conduct attributed to the defendant." *Id.* at 944. We have recognized, however, that the first prong set forth in *De Varon* may, in many cases, be dispositive. *Id.* at 945.

In this case, the record demonstrates that the district court held Funez accountable for the smuggling of 2,012 kilograms of cocaine, in which he

3

participated. The district court did not hold him accountable for any broader conspiracy.

Funez's assertions that he had no equity interest in the cocaine, no knowledge of either the origin or ultimate destination of the cocaine, and no decision-making or planning authority, do not establish that his role in transporting the cocaine was minor. If anything, these assertions tend to support the fact that Funez did not have a large role in the overall drug smuggling scheme. However, as we have explained in *De Varon*, a defendant's role in a larger conspiracy is not the relevant inquiry when determining whether the defendant played a minor role in his relevant conduct. *See De Varon*, 175 F.3d at 944. Funez pled guilty to transporting 2,012 kilograms of cocaine, and the district court held him accountable for only this amount at sentencing. Such a large amount of cocaine, moreover, is properly a material consideration for the district court in determining whether a minor-role adjustment is warranted. *See Id.* at 943.

For the foregoing reasons, we conclude that the district court did not clearly err in denying Funez's request for a minor-role reduction to his offense level. Accordingly, we affirm Funez's sentence.

**AFFIRMED.**